**FILED**
2025 OCT 15 02:06 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-30465-5 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| AULTIMUS INC., a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>ICF TECHNOLOGY, INC., d/b/a STREAMATE, a Washington corporation,<br><br>Defendant. | Case No.<br><br>COMPLAINT |

Plaintiff Aultimus Inc. ("**Aultimus**") brings this Complaint against Defendant ICF Technology, Inc., doing business as Streamate ("**Streamate**") as follows:

## NATURE OF THIS CASE

1.     This case arises from Streamate's negligent misrepresentations that induced Aultimus to invest substantial funds and relocate its webcam studio operations to Thailand, where such operations are illegal, resulting in significant financial losses and ongoing personal risks to its owner.

2.     Aultimus is a Florida corporation owned solely by Michael Longchamp, who operated a webcam studio in the United States under an agreement with Streamate for approximately eight years before relying on Streamate's guidance to expand internationally.

3.     Streamate is a Washington corporation operating an online platform for adult webcam performances, facilitating content distribution and payments globally, including to international studios.

4.     Beginning in July 2024, Streamate provided misleading information and

COMPLAINT – 1

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

1  approvals to Aultimus regarding the permissibility of operating a studio in Thailand.

2  Specifically, in email correspondence, Streamate induced Aultimus to invest substantial funds,

3  relocate its operations, and incur additional costs, only to discover in August 2025 that such

4  operations violate Thai law.

**THE PARTIES**

5

6       5.     Aultimus is a corporation organized under the laws of Florida with its principal

7  place of business in Florida.

8       6.     ICF Technology, Inc., doing business as Streamate, is a corporation organized

9  under the laws of Washington with its principal place of business in Seattle, Washington.

**JURISDICTION AND VENUE**

10

11       7.     The Court has original jurisdiction over the subject matter of this action under

12  RCW 2.08.010.

13       8.     The Court has personal jurisdiction over Streamate because it is a Washington

14  corporation with its principal place of business in King County, Washington, and the acts giving

15  rise to this action occurred in substantial part in Washington, including communications from

16  Streamate's representatives in Seattle.

17       9.     Venue is proper in King County, Washington under RCW 4.12.020 because

18  Streamate engaged in the conduct set forth in this Complaint in King County, Washington.

19  Venue is also proper under RCW 4.12.025 and the parties' agreement, which specifies that any

20  disputes shall be resolved in King County Superior Court or the U.S. District Court for the

21  Western District of Washington at Seattle, under Washington law.

**FACTUAL ALLEGATIONS**

22

23       10.    For approximately eight years prior to 2024, Longchamp, through Aultimus,

24  operated a webcam studio in the United States under an agreement with Streamate. Separately,

25  the international studio at issue in this Complaint was governed by Streamate's current Streamate

26  Models Performer/Studio Agreement (the "**Agreement**").

27       11.    On July 7, 2024, Longchamp contacted Streamate's regional representative via

COMPLAINT – 2

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

1  email to inquire about operating a studio outside the United States for the first time.

2        12.     On July 9, 2024, the Streamate representative responded with a list of countries

3  where Streamate "currently . . . [did] not operate." That list included China, Cuba, Iran, Japan,

4  Madagascar, Nigeria, North Korea, the Philippines, Russia, Syria, Uganda, Venezuela, and some

5  parts of Ukraine. Thailand was not included on this list, which Longchamp reasonably

6  interpreted as a representation that operating a Streamate-affiliated studio in Thailand was

7  permissible and legal.

8        13.     Relying on this representation, Longchamp proceeded with plans to relocate and

9  open studios in Colombia and Thailand.

10        14.     On February 7, 2025, Longchamp emailed Streamate, specifying his intended

11  locations in Colombia and Thailand for the first time ("I have locations in Colombia and

12  Thailand for the models to work"), and noting Aultimus's status as a U.S. entity and its

13  recruitment plans.

14        15.     On February 11, 2025, Streamate approved the creation of a new international

15  studio account for Aultimus. Streamate instructed Longchamp to create the new account and

16  discussed configurations, including domain changes and payment splits, fully aware of

17  Aultimus's operations in Thailand.

18        16.     The Aultimus studio's email address, thequirxbkk@gmail.com ("BKK" is a

19  common abbreviation for Bangkok, Thailand), was used in establishing the account, providing

20  Streamate with further evidence of the Thai location.

21        17.     Based on Streamate's representations and approvals, Longchamp invested

22  approximately $500,000 through Aultimus to establish the Thai studio, including renting space in

23  Bangkok, hiring staff and models, purchasing equipment, renovating facilities, and relocating his

24  family to Thailand. Aultimus began operations in Thailand in early 2025.

25        18.     Further emails in June and July 2025 discussed payout adjustments (e.g., from 5%

26  to 10-20% splits) and studio setup, with Streamate providing guidance and approvals. For

27  instance, on June 19, 2025, Streamate discussed changes to the payout structure for the

COMPLAINT – 3

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

1  international studio. On June 18, 2025, the previous day, Longchamp mentioned his relocation to

2  "Southeast Asia" and significant personal investments. As a global operator responsible for

3  international compliance, Streamate was uniquely positioned to know about the region's

4  widespread prohibitions on adult webcam operations; nonetheless, it focused primarily on payout

5  details rather than seeking clarification on the studio's specific location or legality, confirming its

6  negligent assurances.

7      19.    In early August 2025, a third party informed Longchamp that operating the

8  webcam studio in Thailand exposed him to a significant risk of criminal prosecution and

9  personal liability under local law.

10     20.    Longchamp immediately shut down the Thai studio and ceased all operations to

11  mitigate this threat. However, due to his prior business operations, which he undertook believing

12  Streamate's guidance that Thailand was a permissible location, he remains at ongoing risk of

13  personal liability and potential imprisonment should those prior operations be reported to Thai

14  authorities.

15     21.    Streamate knew or should have known that adult webcam operations are illegal in

16  Thailand (and throughout much of Southeast Asia), given its global business and the similarity of

17  Thai laws to those in the listed countries that Streamate represented it does not operate (e.g.,

18  strict anti-pornography and trafficking regulations). By providing a list excluding Thailand,

19  approving the studio without further inquiry despite multiple opportunities (e.g., the "BKK"

20  email and Southeast Asia reference), and prioritizing payouts over compliance, Streamate

21  misrepresented the viability and legality of operations there.

22     22.    The 2024-2025 email communications from Streamate to Longchamp constituted

23  inducements separate from the Agreement, creating independent duties not to mislead, and

24  rendering the Agreement's limitation of liability clause inapplicable.

25     23.    As a direct and proximate result, Aultimus has suffered damages including but not

26  limited to $500,000 in investments and setup costs; relocation and living expenses; the total loss

27  of the Thai studio's projected future profits over a multi-year period; and ongoing risks to

COMPLAINT – 4

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

1    Aultimus and Longchamp.

## FIRST CAUSE OF ACTION

### (Negligent Misrepresentation)

24.    Aultimus realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

25.    Streamate supplied false information to Aultimus for guidance in a business transaction by falsely representing, through the country list and approvals, that operations in Thailand were permissible.

26.    Streamate was negligent in communicating this information, as it knew or should have known of Thai laws prohibiting such activities.

27.    Streamate's duty to exercise reasonable care in providing accurate information to Aultimus for guidance in the business transaction described above arose independently of the Agreement, rendering any limitation of liability inapplicable.

28.    Aultimus justifiably relied on Streamate's superior knowledge and expertise as a global operator in the industry, after eight years of successful U.S. collaboration.

29.    As a direct and proximate result of this reliance, Aultimus suffered damages in an amount to be proven at trial, but not less than $1,500,000.

## SECOND CAUSE OF ACTION

### (Violation of Washington Consumer Protection Act, RCW 19.86)

30.    Aultimus realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

31.    Streamate engaged in unfair and deceptive acts or practices in trade or commerce by making misleading statements and providing approvals about international operational viability to Aultimus. Streamate's unfair and deceptive acts or practices have the capacity to deceive a substantial portion of other business owners and prospective international studio operators who rely on Streamate's guidance and platform access to make major investment decisions. This conduct affects the public interest in violation of RCW 19.86.020.

COMPLAINT – 5

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

32.     Streamate's unfair and deceptive acts or practices occurred in the context of Streamate's regularly conducted business or business practices.

33.     These acts directly and proximately caused injury to Aultimus's business and property, entitling it to treble damages, attorneys' fees, and costs under RCW 19.86.090.

**PRAYER FOR RELIEF**

WHEREFORE, Aultimus respectfully requests that judgment be entered in its favor on the claims stated herein and against Streamate, and that it be awarded relief that includes, but is not limited to, the following:

1.     Compensatory damages in an amount to be proven at trial, but not less than $1,500,000;

2.     Treble damages under the Consumer Protection Act;

3.     Award of Aultimus's costs and expenses, including reasonable attorneys' fees, as allowed by law;

4.     Award of pre-judgment and post-judgment interest as allowed by law; and

5.     Such other relief as the Court deems equitable, just, and proper.

Dated this 15th day of October, 2025.          Respectfully submitted,

FOCAL PLLC

By: _s/ Randall Moeller_
Randall Moeller, WSBA #21094
900 1st Avenue S., Suite 201
Seattle, Washington 98134
Tel: (206) 529-4827
Fax: (206) 260-3966
Email: randall@focallaw.com

Attorneys for Plaintiff Aultimus Inc.

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966